```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NORTH  AMERICAN  SPECIALTY
INSURANCE COMPANY,

                         Plaintiff,

        -against-                                              REPORT AND
                                                               RECOMMENDATION
ANCHORAGE CONSTRUCTION, CORP.,                                 21 CV 3558 (DG) (CLP)
LAUREN DOWNS, f/k/a/ LAUREN
CAMPANELLA, and ANDRE
CAMPANELLA, JR.,

                         Defendants.
-----------------------------------------------------------X
```

**POLLAK**, Chief United States Magistrate Judge:

On June 23, 2021, plaintiff North American Specialty Insurance Company ("North American") commenced this action against defendants Anchorage Construction, Corp. ("Anchorage"), Lauren Downs, f/k/a Lauren Campanella ("Lauren Downs"), and Andre Campanella, Jr., seeking contractual indemnification for losses incurred in connection with certain payment and performance bonds, referred to by plaintiff as "Payment and Performance Bonds No. 2165754" ("Bonds"), which were issued to defendant Anchorage as principal of the Anthony T. Rinaldi, LLC, d/b/a The Rinaldi Group ("Rinaldi"). (Compl.[1] ¶¶ 1, 7-8).

Despite proper service on Anchorage and Andre Campanella, Jr., those defendants have defaulted, and plaintiff now seeks a default judgment against them. Although defendant Lauren Downs also initially defaulted despite proper service and plaintiff sought default judgment against her as well, on February 2, 2022, she appeared in this matter through counsel and has

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed on June 23, 2021.

1

filed an answer to the Complaint. (ECF No. 18). Thus, plaintiff has withdrawn the part of its motion seeking default judgment against defendant Downs. (ECF No. 27).

For the reasons stated below, this Court respectfully recommends that plaintiff's motions be denied without prejudice.

## FACTUAL BACKGROUND

Plaintiff alleges that, on May 10, 2013, Anchorage executed a contract with Rinaldi for construction work to be performed in connection with a 15-story, mixed-use building located at 81 Fleet Street, Brooklyn, N.Y. (the "Project"). (Compl. ¶ 5). On August 8, 2013, plaintiff North American, as Surety, issued Bonds in the sum of $3,500,000 at the request of Anchorage. (Id. ¶ 6). The bonds were issued to Anchorage as principal and Rinaldi as Obligee in connection with the Project. (Id.) On that same day, North American, as Surety, issued a Multiple Obligee Rider, adding Red Apple 81 Fleet Place Development, LLC ("Red Apple") as Obligee to the Bonds. (Id. ¶ 7, Ex. A ).

North American claims that it executed the Bonds in reliance upon a General Indemnity Agreement, dated August 6, 2013, which was executed by Anchorage and individually by both Lauren Campanella and Andre Campanella, Jr. (Id. ¶¶ 8, 10). Under the Indemnity Agreement, the defendants agreed to "exonerate, hold harmless and indemnify" North American "against any and all Loss[,]" where "Loss" was defined broadly to include:

> (a) sums paid or liabilities incurred in the settlement of claims; (b) expenses paid or incurred in connection with the investigation of any claims; (c) sums paid in attempting to procure a release from liability; (d) expenses paid or incurred in the prosecution or defense of any suits; (e) any judgments under the Bonds; (f) expenses paid or incurred in enforcing the terms of this Agreement; (g) sums or expenses paid or liabilities incurred in the performance of any Bonded contract or related obligation; and (h) expenses paid in recovering or attempting to recover losses or expenses paid or incurred. Loss expressly includes attorney fees incurred in

> defending claims, protecting the Surety's interests in any bankruptcy or insolvency proceeding, arranging for the Surety's performance of its obligations, evaluating, settling, and paying claims, seeking recovery under the terms of this Agreement from the Indemnitors, and pursuing the Surety's common law rights to seek recovery of losses from others, including third parties. The Indemnitors agree that their liability shall be construed as the liability of a compensated Surety, as broadly as the liability of the Surety is construed toward its obligee or other claimants.

(Id. ¶ 11, Ex. B ). In addition, under the Indemnity Agreement's terms, North American has the "sole discretion" to determine if a bond claim will be paid, and "[a]n itemized statement of payments made by the Surety sworn to by an officer of the Surety shall be prima facie evidence of the liability of the Indemnitors to reimburse the Surety[.]" (Id. ¶¶ 14-15, Ex. B ). The Indemnity Agreement also specifies that "[t]he Indemnitors' obligations under this Agreement are joint and several[.]" (Id. ¶ 11, Ex. B ).

On April 21, 2016, Rinaldi filed an action against Anchorage, North American, North American Surety Group, and Swiss Re Corporate Solutions Global Markets Inc., in New York Supreme Court, Kings County, Case Index No. 506508/2016, seeking "in excess of $3,000,000," plus interest, fees, disbursements and costs. (Id. ¶ 9). On June 7, 2016, the case was transferred to New York Supreme Court, New York County, Case Index No. 450691/2016. (Id.) On May 26, 2021, North American, Rinaldi and Red Apple settled the action for $475,000 and executed a stipulation which was served on Anchorage by mail on May 28, 2021. (Id. ¶¶ 10, 31, 37).

## PROCEDURAL HISTORY

On June 23, 2021, North American commenced the instant action in federal court against Anchorage, Lauren Downs, and Andre Campanella, Jr., seeking contractual indemnification pursuant to the Indemnity Agreement for bond losses and loss adjustment expenses incurred by

3

North American. (Id. ¶ 32-49; Ney Aff.[2] ¶ 4; Bilodeau Jan. Aff.[3] ¶ 43). According to the Affirmation of plaintiff's counsel, on July 20, 2022, Anchorage was served through the New York Secretary of State at its registered address, 948 Sinclair Avenue, Staten Island, N.Y. (Bilodeau Jan. Aff. ¶ 44).

On March 18, 2022, after efforts to serve Andre Campanella, Jr. at his last known addresses had proven unsuccessful, the Court granted plaintiff's request to serve defendant Campanella using an alternative method of service. (ECF No. 18). On March 21, 2022, pursuant to this Court's Order, plaintiff's counsel served defendant Campanella with copies of the Summons and Complaint by emailing the documents to Campanella's email address and by mailing the documents by certified mail to three addresses associated with Campanella. (Bilodeau March Aff.[4] ¶ 20). Plaintiff also served defendant Campanella with process by leaving a copy of the Summons and Complaint affixed to the door of one of these addresses. (Id. ¶ 21).

Plaintiff's counsel attests that more than 21 days have elapsed since Anchorage and Campanella were served, and that this Court has not extended those defendants' time to respond to plaintiff's Complaint. (Bilodeau Jan. Aff. ¶ 47; Bilodeau March Aff. ¶ 25). The Court entered default against Anchorage and Campanella, respectively, on December 20, 2021, and May 9, 2022. (ECF Nos. 13, 22). To date, neither Anchorage nor Campanella have appeared in this matter.

---

[2] Citations to "Ney Aff." refer to Randall Ney's Affidavit in Support of Motion for Default Judgment filed with this Court on January 12, 2022, ECF No. 14-1.

[3] Citations to "Bilodeau Jan. Aff." refer to Kelsey Bilodeau's Affirmation in Support of Motion for Default Judgment, filed with the Court on January 12, 2022 in support of plaintiff's First Motion for Default Judgment, ECF No. 14-9.

[4] Citations to "Bilodeau March Aff." refer to Kelsey Bilodeau's Affirmation in Support of Motion for Default Judgment, filed with the Court on March 12, 2022 in support of plaintiff's Second Motion for Default Judgment, ECF No. 25-9.

DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

The Second Circuit has warned that default judgment is an extreme remedy that should be used only when the need to move a case forward expeditiously trumps a party's right to be heard before a court of law. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

Because plaintiff seeks default judgment against two of three defendants and the remaining defendant is continuing in the litigation, the Court must consider whether entering a default judgment against two of the three defendants at this point is premature. Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, 06 CV 03140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)). Before entering a final judgment as to some of the parties in an action but not all, the Court must

5

"expressly" determine that there is no reason to delay judgment against those parties. Fed. R. Civ. P. 54(b). There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6).

Courts in this Circuit have "consistently delayed" rendering default judgments "even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations." Unitrans Colsol., Inc. v. Classic Closeouts, LLC, 09 CV 2098, 2010 WL 1265206 (E.D.N.Y. Mar. 31, 2010) (internal citations and quotations omitted); Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d at 119 (citing Frow v. De La Vega, 82 U.S. 552 (1872)); see also Lemache v. Tunnel Taxi Mgmt., LLC, 354 F. Supp. 3d 149, 152 (E.D.N.Y. 2019); Abbott Lab'ys v. Adelphia Supply USA, 2020 WL 7643213, at *3 (quoting Harvey v. Home Savers Consulting Corp., No. 07 CV 2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008)) (collecting cases); International Gemmological Inst., Inc. v. Rafaeil, No. 05 CV 2395, 2005 WL 3880222, at *2 (S.D.N.Y. Aug. 17, 2005), report and recommendation adopted, No. 05 CV 2395, 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006) (collecting cases).

Here, plaintiff seeks $844,170.16 in damages from Anchorage, representing (i) $475,000, which is the amount that North American paid to Red Apple and Rinaldi in settlement, plus (ii) interest of an unspecified sum accruing from June 2, 2021, the date that North American issued the settlement check to Red Apple and Rinaldi; and (iii) $369,170.16 "in consulting and legal fees, costs, and expenses," incurred by North American in resolving the claim brought by Red Apple and

6

Rinaldi, defending North American in the action instituted by Rinaldi and Red Apple, and in the prosecution of this action. (Pl.'s May Mem.[5] at 2 n.1, 10; Pl.'s Jan. Mem.[6] at 9-10). In plaintiff's filings, plaintiff made clear that it intends to hold all the defendants liable for the same sum and that the requested judgment does not vary between the defendants. (Pl.'s May Mem. at 1-2, 2 n.1).

Where, as here, "a unitary damages figure is sought against defaulting and non-defaulting defendants alike, there is a risk that logically inconsistent awards [could] be entered." Abbott Lab'ys v. Adelphia Supply USA, 2020 WL 7643213, at *4; see also Harvey v. Home Savers Consulting Corp., 2008 WL 724152, at *1. Thus, the Court respectfully recommends that plaintiff's motions for default judgment against Anchorage and Andre Campanella, Jr. be denied without prejudice and with leave to refile once plaintiff's claims against defendant Lauren Downs are resolved and the risk of inconsistent judgments is obviated.

## CONCLUSION

Considering the foregoing, the Court respectfully recommends that the District Court deny plaintiff's motions for default judgment without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

---

[5] Citations to "Pl.'s May Mem." refer to plaintiff's Memorandum of Law in Support of North American Specialty Insurance Company N/K/A Swiss re Corporate Solutions America Insurance [sic] Motion for Entry of Default Judgment Against Defendant Andre Campanella, Jr., filed with this Court on May 12, 2022, ECF No. 25-17.

[6] Citations to "Pl.'s Jan. Mem." refer to plaintiff's Memorandum of Law in Support of North American Specialty Insurance Company's Motion for Entry of Default Judgment Against Defendants' [sic] Anchorage Construction, Corp. and Lauren Downs f/k/s/ Lauren Campanella, filed with the Court on January 12, 2022, ECF No. 14-18.

7

Plaintiff is directed to serve a copy of this Report and Recommendation promptly by certified mail, return receipt requested, on Anchorage and Andre Campanella, Jr., and to provide the Court with copies of the return receipts. The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**
Dated: Brooklyn, New York
 June 29, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York