UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

                        Plaintiff,

        -against-

ANCHORAGE CONSTRUCTION CORP., *et al.*,

                       Defendants.
----------------------------------------------------------X

**ORDER**
21 CV 3558 (DG) (CLP)

**POLLAK**, United States Magistrate Judge:

      On June 23, 2021, plaintiff North American Specialty Insurance Company, n/k/a Swiss Re Corporate Solutions America Insurance Corporation ("plaintiff" or "Surety"), commenced this action against defendants Anchorage Construction, Corp., ("Anchorage"), Lauren Downs, f/k/a Lauren Campanella ("Downs"), and Andre Campanella, Jr. ("Campanella"), pursuant to an Indemnity Agreement, seeking contractual indemnification for bond losses, loss adjustment expenses, and future losses incurred by plaintiff. (Compl.[1] at 12).

      On August 22, 2024, plaintiff filed a motion seeking a So Ordered Subpoena, or an Order directing the release of certain information held by the United States Small Business Administration ("SBA"). (ECF No. 72).

      For the reasons set forth below, the Court grants plaintiff's motion and Orders the SBA to provide records relating to Andre Campanella Jr.'s Economic Injury Disaster Loans ("EIDL").

## DISCUSSION

      In 2013, Anchorage entered into a contract with Anthony T. Rinaldi, LLC, d/b/a The Rinaldi Group ("Rinaldi") to perform certain construction work at 81 Fleet Street, Brooklyn,

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on June 23, 2021 (ECF No. 1).

N.Y. (the "Project"). (Compl. ¶ 7). On August 8, 2013, plaintiff, as Surety, issued certain Payment and Performance Bonds in connection with the Project (the "Bonds"), in the sum of $3.5 million, to Anchorage as Principal and Rinaldi as Obligee. (Id. ¶ 8). Plaintiff executed the Bonds in consideration of and reliance upon a General Indemnity Agreement, dated August 6, 2013, executed by Anchorage, Downs, and Campanella, in which defendants agreed to "'exonerate, hold harmless and indemnify the Surety from and against any and all Loss.'" (Id. ¶ 11 (quoting Indemnity Agr.[2] ¶ 2)).

On January 7, 2015, Rinaldi declared Anchorage in default, terminated its contract with Anchorage, and issued a performance bond claim to plaintiff. (Id. ¶ 16). Following the filing of a state court complaint by Rinaldi, Anchorage failed to retain replacement counsel or appear. (Id. ¶ 26). On May 26, 2021, plaintiff entered into a settlement, pursuant to which plaintiff paid $475,000 to Rinaldi and Red Apple,[3] incurring a Bond loss in the same amount. (Id. ¶¶ 29-31).

Plaintiff then commenced this federal action on June 23, 2021 against defendants Anchorage, Downs, and Campanella, alleging breach of contract and seeking indemnification pursuant to the terms of the Indemnity Agreement for bond losses, for loss adjustment expenses, including attorney's and consultant fees incurred in defending the claims, and future losses. (Id., Counts I, II, and III). After several unsuccessful attempts to serve Andre Campanella, Jr., plaintiff was granted leave to serve him using an alternative method of service by: (1) email addressed to his Anchorage corporate email address; (2) personal service addressed to him at 948 Sinclair Avenue, Staten Island, N.Y. 10309, with a copy sent via certified mail, return receipt

---

[2] Citations to "Indemnity Agr." refer to the General Indemnity Agreement executed by the parties, first filed as Exhibit B to the Complaint on June 23, 2021 (ECF No. 1-2).

[3] Plaintiff's Complaint also indicates that, at Anchorage's request, plaintiff, as Surety, "issued and executed a Multiple Obligee Rider adding the Owner Red Apple 81 Fleet Place Development, LLC ('Red Apple') as Obligee to the Bonds." (Compl. ¶ 10).

requested; and (3) copies sent by certified mail, return receipt requested, to his most recent addresses in Howard Beach and Brooklyn, N.Y. (See ECF No. 19 at 7-8; Steele Aff.[4] ¶ 5). Although this service was completed, defendant Campanella failed to appear. On May 9, 2022, a Certificate of Default was entered against the defendant.[5] (ECF No. 22; Steele Aff. ¶ 7). On September 27, 2022, the district court adopted this Court's Report and Recommendation, denying plaintiff's motion for default judgment against defendants Anchorage and Campanella with leave to re-file once the claims against defendant Downs are resolved. (Electronic Order dated September 27, 2022; Steele Aff. ¶ 8).

According to the Steele Affidavit, plaintiff recently learned through a UCC-1 filed by the SBA that defendant Campanella obtained a EIDL loan in 2020. (Steele Aff. ¶ 10, Ex. 1). The application required the submission of information from Campanella, including his address and contact information, financial information, and employment information. (Id. ¶ 10). Upon learning of Campanella's EIDL application, plaintiff filed a Freedom of Information Act ("FOIA") request with the SBA, asking for production of information relating to Campanella's EIDL loans, along with a copy of the intake application, executed loan closing documents, UCC-1 Lien, disbursement information, and related supporting information for the SBA loan. (Id. ¶ 11). The SBA indicated that it could not provide this information without the consent of Campanella or an Order of the Court. (Id. ¶¶ 11, 15, Ex. 3).

On July 25, 2024, plaintiff filed a letter seeking a court order directed to the SBA,

---

[4] Citations to "Steele Aff." refer to the Affidavit of Kimberly Steele, Vice President of North American Specialty Insurance Company, n/k/a Swiss Re Corporate Solutions America Insurance Corporation, in Support of Motion for an Order Authorizing and Directing the Release of Information by the U.S. SBA, filed August 22, 2024 (ECF No. 72-1).

[5] Defendants Anchorage and Downs were properly served and also defaulted. (ECF No. 13). However, defendant Downs subsequently opposed plaintiff's Motion for Default Judgment in February 2022 and answered the Complaint. (ECF Nos. 16, 18). Based on defendant Downs' appearance, plaintiff then withdrew, without prejudice, the portion of its default judgment motion tied to defendant Downs (ECF No. 30), and defendant Downs has been litigating the case since that time.

requiring disclosure of records relating to defendant Campanella.  (ECF No. 68).  On August 1, 2024, the Court denied plaintiff's request and proposed order, finding that plaintiff had not "provided a legal basis for pursuing, via a court order directed at a third-party, documents containing personal identifying and other sensitive information pertaining to a defendant with respect to whom the Clerk has already entered default."  (ECF No. 69).

Plaintiff then submitted the instant motion, arguing that there is a legal basis for entering such an Order to the SBA:  (1) plaintiff has a contractual right through the Indemnity Agreement to obtain information related to defendant Campanella; (2) plaintiff seeks this information in an effort to pursue discovery, pursuant to Fed. R. Civ. P. 26; and (3) in the alternative, plaintiff has the right to seek information to enforce its anticipated judgment against Campanella, pursuant to C.P.L.R. Section 5223.  (Pl.'s Mem.[6] at 1).  In seeking a court order for the information held by the SBA, plaintiff cites the terms of the Indemnity Agreement executed by Campanella in which he not only agreed to exonerate and indemnify plaintiff for any losses, but he also gave plaintiff, as Surety, "the right to access the books, records, and accounts of the Indemnitors," and designated the Surety as his attorney-in-fact.  (Steele Aff. ¶ 13; Indemnity Agr. ¶¶ 14, 16).

Plaintiff also asserts that its request is relevant and proportional, pursuant to Rule 26, because by utilizing the information obtained from the SBA, plaintiff will be able to subpoena defendant Campanella to obtain information regarding the Indemnity Agreement, as well as defendant Downs' defenses.  (Pl.'s Mem. at 3 (citing Duhaney v. TransUnion, LLC, No. 23 CV 4066, 2024 WL 85074 (E.D.N.Y. Jan. 8, 2024) (granting plaintiff's "motion to compel defendant Capital One's policies and procedures regarding how to conduct an investigation upon receiving

---

[6] Citations to "Pl.'s Mem." refer to the Memorandum of Law in Support of North American Specialty Insurance Company n/k/a Swiss Re Corporate Solutions America Insurance Corporation's Motion Supporting Disclosure of Records by the United States Small Business Administration, filed on August 22, 2024 (ECF No. 72-8).

a consumer dispute" as relevant pursuant to Rule 26); New Falls Corp. v. Soni, No. 16 CV 6805, 2020 WL 2836787 (E.D.N.Y. May 29, 2020) (denying plaintiff's motion to compel trusts' tax returns because plaintiff failed to show the request was relevant and proportional, and that "the information sought in the requested returns is not otherwise readily obtainable"); Sibley v. Choice Hotels Int'l, No. 14 CV 634, 2015 WL 9413101 (E.D.N.Y. Dec. 22, 2015) (denying plaintiff's motion to hold defendant's Rule 26 disclosure insufficient, finding that plaintiff's objection about whether defendants properly disclosed the existence of insurance was based on a common misreading of Rule 26's scope to require the disclosure of any information "'reasonably calculated to lead to' the discovery of admissible evidence"))).

Based on the Court's review of plaintiff's Memorandum of Law and the supporting Steele Affidavit, the Court finds that plaintiff has provided a sufficient basis for Ordering the SBA to provide "the intake application, underwriting file, executed financing agreements[,] including the Loan Agreement and the Security Agreement, UCC-1 Lien, disbursement information, and all other related documents for the SBA EIDL applications numbered 330543347 and 2873538005," which are the loan numbers related to defendant Campanella. (Pl.'s Mem. at 2). As demonstrated by the difficulties plaintiff faced in its previous efforts to serve process on defendant Campanella, including Campanella's failure to maintain a current address with the United States Postal Service and his default in this action, defendant Campanella is apparently avoiding service and has made it difficult for plaintiff to obtain discovery related to the Indemnity Agreement and to the defenses asserted by defendant Downs in the action. (Id. at 2). Thus, it is clear that obtaining a consent to disclosure of information related to his SBA EIDL loans from defendant Campanella is not possible.

Moreover, a review of the Indemnity Agreement that defendant Campanella executed

clearly and unequivocally gave plaintiff the right to access his records, accounts, and financial information, necessary to enforce the Indemnity Agreement (Indemnity Agr. ¶ 14), and appointed plaintiff as his attorney-in-fact for various purposes. (Id. ¶ 16).

Plaintiff's proposed subpoena (ECF No. 72-7), is So Ordered with the following modification: the United States Small Business Administration shall have until **November 29, 2024** to produce the requested documents.

By **December 6, 2024**, plaintiff shall file a status report indicating whether the SBA has complied with this Order and the subpoena.

**SO ORDERED.**
Dated: Brooklyn, New York
October 18, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York